***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIAN DELOACH, | Civil Action No. 13-4925 (PGS) |
| Petitioner, | |
| v. | OPINION |
| BEVERLY HASTINGS, et al., | |
| Respondents. | |

**SHERIDAN, District Judge**

Petitioner Christian Deloach, a convicted criminal in the State of New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence imposed by the State for armed robbery, attempted murder, and related crimes.[1] Respondent has filed a Response, ECF No. 10, and Petitioner has filed a traverse, ECF No. 13. The Court has considered the parties' submissions, as well as the relevant records of this case. For the reasons stated below, the Court denies the Petition as time-barred.

## I.   FACTUAL BACKGROUND

Petitioner was convicted, in a jury trial, of armed robbery, attempted murder, and related crimes in the Superior Court of New Jersey. ECF No. 7 at 1-2. He appealed, and the case was remanded to the trial court for resentencing after the appellate court invalidated one of the counts

---

[1] Petitioner filed an amended petition, ECF No. 7, after the Court found the initial petition deficient. *See* ECF No. 4. The Court's ruling here is based on its review of the amended petition, which replaced the original. *See Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 705 n.2 (1982) (Brennan, J., concurring in judgment); *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *3 n.2 (D.N.J. Jan. 6, 2014).

he was convicted of. ECF No. 10-13 at 2. He again appealed, and the new sentence was affirmed on June 28, 2007. *Id.* at 1-2. The New Jersey Supreme Court denied certification on October 4, 2007. ECF No. 10-16.

After resentencing, while his second direct appeal was pending, Petitioner filed his first application for post-conviction relief ("PCR"), which was dismissed by the state court on November 28, 2006, as Petitioner's direct appeal process had not concluded. ECF No. 10-17. Petitioner filed his second PCR application on September 10, 2008, after his direct appeal process was final. ECF No. 10-18. That PCR application was denied on May 24, 2010. ECF No. 7 at 18. A notice to appeal the denial was filed on October 18, 2010. ECF No. 10-19 at 12. The appellate court affirmed the denial of PCR on April 18, 2012, ECF No. 10-22 at 1, and the New Jersey Supreme Court denied certification on February 11, 2013, ECF No. 7 at 18. The instant Petition, dated July 29, 2013, was filed on August 9, 2013. ECF No. 1 at 11.

## II.  DISCUSSION

Respondents contend that the Petition is untimely. The Court agrees. Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases, and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000);

*Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, the "limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Gibbs*, 2009 WL 1307449 at *3. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Respondents assert that because the direct appeal process concluded on October 4, 2007, and Petitioner did not file his PCR application until September 10, 2008, coupled with the delay in filing the instant Petition on July 29, 2013 after the PCR proceeding concluded on February 11, 2013, makes the Petition untimely. The Court agrees. Taking into account the time he could have filed a petition with the United States Supreme Court, Petitioner's conviction and sentence became final 90 days after his direct appeal concluded on October 4, 2007, *i.e.*, January 2, 2008. Because he did not file his PCR application until September 10, 2008, 252 days ran from his one-year statute of limitations to file a federal habeas petition. That left him with 113 days after the conclusion of his PCR proceeding on February 11, 2013, or until June 4, 2013, to file the instant Petition. As the instant Petition was dated July 29, 2013, it was untimely.

Petitioner's only argument for timeliness rests on his contention that he should receive statutory tolling from the time he filed his first PCR application on October 20, 2006 until the conclusion of his second PCR application. ECF No. 13 at 4. The Court disagrees. First, tolling was not necessary for the duration of the first PCR application, because it concluded on November 28, 2006, when the state court dismissed it due to his pending direct appeal. As Petitioner's statute of limitations period did not begin to run until January 2, 2008, the entire duration of the first PCR application is irrelevant with regard to the timeliness of the instant Petition. Petitioner essentially

4

contends that despite his first application having been dismissed, it was still somehow "pending." He cites to no authority for this proposition. Instead, the Court finds that nothing was "pending" from January 2, 2008, when his direct appeal concluded, until September 10, 2008, when he filed another PCR application. *See Lee v. Hastings*, No. 13-2190, 2015 WL 5177619, at *2 (D.N.J. Sept. 3, 2015) (finding that statutory tolling was not warranted for the period between the dismissal of the first PCR application and the filing of the second PCR application, because "there was no pending application for PCR or any other collateral review in the state court with respect to Petitioner's conviction or sentence"). Moreover, Petitioner makes no equitable tolling arguments in his traverse. Accordingly, the Court finds that the Petition is untimely.[2]

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court denies a certificate of appealability ("COA"). The habeas statute provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

---

[2] The Court notes that the statutory period also ran from July 8, 2010 to October 18, 2010, because Petitioner filed a late notice of appeal of his PCR denial. *See Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation.").

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

## IV.  CONCLUSION

For the reasons set forth above, the Petition is DENIED as time-barred, and a certificate of appealability is DENIED.

Dated: 3/15/17

_____
Peter G. Sheridan, U.S.D.J.